```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
UNITED STATES OF AMERICA,                :
                                         :
                     Plaintiff,          :
                                         :    S1 06 Cr.1064 (JFK)
            -against-                    :    MEMORANDUM OPINION
                                         :         & ORDER
                                         :
                                         :
TYRONE LASTER,                           :
                                         :
                     Defendant.          :
-----------------------------------------X
```
**JOHN F. KEENAN**, United States District Judge:

## BACKGROUND

The defendant, Tyrone Laster ("Laster", or "Defendant"), has moved to compel the Government to produce all previously undisclosed transcripts of grand jury proceedings relating to the Indictment and Superseding Indictment that were returned in this case. In the alternative, the defense requests that the Court conduct an <u>in camera</u> inspection of the grand jury transcripts to determine whether production is warranted. For the following reasons, Defendant's motion is denied in its entirety.

On November 16, 2006, a grand jury returned the original Indictment against Laster, in which Laster was charged with the sole count of illegally possessing a handgun after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The Indictment alleged that, on September 26, 2006, Laster unlawfully possessed a handgun at an apartment

1

in the Bronx, and that Laster had been previously convicted of a Class C felony, for attempted rape, on February 26, 1998, in New York State Supreme Court, Bronx County (the "1998 Felony"). On January 25, 2007, a grand jury returned a single-count Superseding Indictment, in which Laster was charged with the same act of illegally possessing a handgun after having previously been convicted of, in addition to the 1998 Felony, a Class E felony, for attempted assault, in Bronx County on May 8, 1995 (the "1995 Felony"), and a Class D felony, for attempted robbery, in New York County, on July 21, 1982 (the "1982 Felony"). The Superseding Indictment charged Laster, in addition to the violation of section 922(g), with a violation of 18 U.S.C. § 924(e)(1), which provides for a mandatory minimum term of imprisonment of fifteen years for a defendant who has been convicted of 18 U.S.C. § 922(g) and was previously convicted of three violent felonies.

Defendant has moved to compel the production of all previously undisclosed transcripts of grand jury proceedings relating to the Indictment and Superseding Indictment, on the grounds that insufficient evidence of Laster's prior convictions may have been presented to the grand juries and that the need in this case for maintaining the secrecy of grand jury proceedings is minimal.

**DISCUSSION**

Pretrial discovery of grand jury testimony is governed by Federal Rule of Criminal Procedure 6(e).  Rule 6(e)(6) provides that "records, orders and subpoenas relating to grand jury proceedings shall be kept under seal to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury." Fed. R. Crim. P. 6(e)(6).  An exception to this general rule of secrecy is made for the disclosure of grand jury materials "at the request of the defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).  A party seeking disclosure of grand jury material must demonstrate a "particularized need that outweighs the need for secrecy." United States v. Moten, 582 F.2d 654, 662 (2d Cir. 1978). Grand jury proceedings are afforded a strong presumption of regularity. See Hamling v. United States, 418 U.S. 87, 139 n. 23 (1974); United States v. Torres, 901 F.2d 205, 232-33 (2d Cir. 1990).  A defendant's "unsupported view that abuses may have occurred in . . . the grand jury system is insufficient . . . to overcome the presumption of regularity of the grand jury proceedings . . ." United States v. Wilson, 565 F. Supp. 1416, 1436 (S.D.N.Y. 1983) (Weinfeld, J.); see also United States v. Dacunto, No. 00 Cr. 620 (AGS), 2001 U.S. Dist. LEXIS 42, at *34-35 (S.D.N.Y. Jan. 5, 2001) ("[S]peculative and conclusory allegations of misconduct"

3

do not warrant the "extraordinary relief of disclosure of minutes of . . . grand jury proceedings.")(internal quotation marks and citation omitted).  "[R]eview of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." Torres, 901 F.2d at 233.  This standard applies equally to a defendant's request for the court to conduct in camera inspection of grand jury transcripts. United States v. Dunn, No. 05 Cr. 127 (KMK), 2005 U.S. Dist. LEXIS 14667, at *6 (S.D.N.Y. 2005).

    Here, the defense does not allege government misconduct in connection with the grand jury proceedings in this case.  Rather, Defendant merely speculates that insufficient evidence may have been presented to the grand jury concerning Laster's prior felony convictions.  Defendant points to the fact that "Certificates of Disposition Indictment" ("Certificates"), which constitute documentary evidence of Laster's convictions for the 1998, 1995, and 1982 Felonies and which the Government produced during discovery, were prepared on dates subsequent to the dates when the Indictment and Superseding Indictment were returned.  Thus, the defense argues, there is an indication that the Government did not present the Certificate for the 1998 Felony to the grand jury in connection with the Indictment and did not present the Certificates for the 1995 and 1982 Felonies to the grand jury in connection with the Superseding Indictment.  The

defense argues that disclosure of the grand jury transcripts is necessary to allow Laster to determine whether the Superseding Indictment was supported by sufficient evidence, particularly "when the discovery disclosed to date shows no indication that the government properly presented evidence that supports the charge contained in the Superseding Indictment." (Def. Mem. at 7.)

The defense has fallen far short of demonstrating a particularized need for the production of grand jury transcripts or for the Court to conduct an <u>in camera</u> review of the transcripts. Defendant merely speculates as to the possibility that the Government may not have presented sufficient documentary evidence of Laster's prior convictions. Speculation regarding the possible insufficiency of evidence presented to the grand jury does not warrant the disclosure of the grand jury materials. <u>See</u> <u>Dunn</u>, 2005 U.S. Dist. LEXIS 14667, at *11 (observing that granting defendant's request for disclosure of grand jury materials on basis of defendant's speculation that insufficient evidence may have been presented to the grand jury would "undermine[] the requirement of 'particularized need,' [and] permit[] inspection in virtually every case based on a general suspicion that something improper has occurred before the grand jury"). Here, Defendant's speculation regarding the absence of documentary evidence is especially unavailing, because, even

assuming that the Government did not present the Certificates during the grand jury proceedings, sufficient evidence of Laster's prior felonies could have been presented through the testimony of law enforcement personnel.  Such hearsay evidence relating to Laster's prior convictions would have been properly presented to the grand jury and sufficient to support the charges in the Superseding Indictment. See United States v. Ruggiero, 934 F.2d 440, 447 (2d Cir. 1991) ("It is entirely permissible for the government to use hearsay evidence in its presentation yo the grand jury.").  That the defense is unaware of exactly how the Government presented evidence of Laster's prior convictions to the grand jury simply does not constitute a particularized need for the disclosure of grand jury transcripts.

Although the concern for maintaining the secrecy of grand jury materials is not especially acute in this case, Defendant has failed to allege government misconduct or otherwise assert facts to rebut the strong presumption of regularity that attaches to grand jury proceedings.  Accordingly, in the absence of any showing of a particularized need, Defendant's request for disclosure of grand jury transcripts, and the alternative request for the Court to conduct an in camera inspection of the transcripts, must be denied.

The defense also argues that it is entitled to disclosure of grand jury testimony pursuant to the Government's

6

obligations under Federal Rule of Criminal Procedure 16.  Under Fed. R. Crim. P. 16(a)(1)(A), the Government is required to disclose "the substance of any relevant oral statement made by the defendant" as a result of the government's interrogation that the government intends to use at trial.  The Government represents that it has "produced to the defendant all materials required under Rule 16." (Gov't Mem. at 7.)  Specifically, the Government has identified Laster's alleged post-arrest admission that he had a handgun in his pocket as the sole statement whose disclosure is governed by Rule 16.  As the Government points out, that statement already has been disclosed to the defense.  Beyond stating that a witness at the grand jury proceeding in connection with the Superseding Indictment "[p]resumably" testified regarding Laster's alleged post-arrest statement, (Def. Mem. at 8), the defense has not asserted any facts to indicate that the grand jury testimony given in connection with the Superseding Indictment contains statements by Laster that the Government is required to disclose under Rule 16.  The Court credits the Government's representation that it has satisfied its disclosure obligations.  Accordingly, Rule 16 provides no basis for the production of grand jury materials.

## CONCLUSION

For the foregoing reasons, Defendant's motion to compel the production of previously undisclosed grand jury transcripts,

or in the alternative, for the Court to conduct an <u>in camera</u> inspection of the transcripts, is DENIED.

**SO ORDERED**
October /9, 2007

                                            JOHN F. KEENAN
                                  United States District Court