**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------ X

TYRONE LASTER,                       :
                                     :
          Movant-Defendant           :
                                     :
     -against-                       :
                                     :
UNITED STATES OF AMERICA,            :
                                     X
          Respondent.
------------------------------

┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____          │
│ DATE FILED: 08/02/2016           │
└─────────────────────────────────┘

Nos.   06 Cr. 1064
       16 Civ. 3285
**OPINION & ORDER**

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Movant-Defendant Tyrone Laster's (Laster) motion to vacate, set aside, or correct his sentence in accordance with 28 U.S.C. § 2255.  This Court grants the motion and orders that Laster be produced for resentencing on August 15, 2016, at 11:00 a.m.

## I.  Background

On October 24, 2007, a Southern District of New York jury found Laster guilty of violating 18 U.S.C. § 922(g)(1) because, as a prior convicted felon, he unlawfully possessed a firearm. See Jury Verdict, United States v. Laster, 06 Cr. 1064 (Oct. 24, 2007).

On May 29, 2008, this Court found that Laster had three prior felony convictions:  (1) a 1982 New York state conviction for attempted second-degree robbery; (2) a 1995 New York state conviction for attempted second-degree assault; and (3) a 1998 New York state conviction for attempted first-degree rape. See

1

Judgment 1-2, Id. (May 29, 2008), ECF No. 79; Sentencing

Memorandum 1-2, Id. (May 28, 2008), ECF No. 78.  Accordingly,

this Court found Laster subject to the sentence enhancement

under the Armed Career Criminal Act (ACCA), 18 U.S.C.

§ 924(e)(1), and sentenced him to 204 months' imprisonment

followed by 60 months' supervised release. See Judgment 1-2, Id.

(May 29, 2008), ECF No. 79.  The Second Circuit unanimously

affirmed Laster's conviction and sentence. See United States v.

Laster, 313 F. App'x 369, 371-73 (2d Cir. 2009) (summary order).

Laster did not seek certiorari.

On May 3, 2016, Laster moved to vacate his sentence

pursuant to 28 U.S.C. § 2255.  This Court set a briefing

schedule requiring the U.S. Attorney for the Southern District

of New York to file an answer or other pleadings in response to

the motion no later than July 25, 2016.

In the meantime, on July 21, 2016, the Second Circuit

decided United States v. Jones, --- F.3d ----, No. 15-1518-cr,

2016 WL 3923838 (2d Cir. July 21, 2016), which overruled its

decision in United States v. Spencer, 955 F.2d 814 (2d Cir.

1992), in light of the U.S. Supreme Court's decision in Johnson

v. United States, 559 U.S. 133 (2010) [hereinafter Curtis

Johnson].

The Government responded on July 25, 2016, that in light of

Jones, Laster's conviction for attempted second-degree robbery

would no longer qualify as a predicate conviction under the
ACCA.  The Government waived its procedural defenses to Laster's
motion and consented to resentencing of Laster under § 922(g)
without the enhanced sentencing provided by § 924(e).

## II.  Applicable Law

Under 18 U.S.C. §§ 922(g), 924(a)(2), a convicted felon who
possesses a firearm may be punished by up to 10 years'
imprisonment.  If the violator has three or more earlier
convictions for a "violent felony," however, the ACCA mandates a
minimum prison term of 15 years. See 18 U.S.C. § 924(e)(1).  The
ACCA defines "violent felony" as follows:

> (B)  the term "violent felony" means any
> crime punishable by imprisonment for a term
> exceeding one year . . . that—
>
> (i)  has as an element the use,
> attempted use, or threatened use of physical
> force against the person of another; or
>
> (ii)  is burglary, arson, or extortion,
> involves use of explosives, or otherwise
> involves conduct that presents a serious
> potential risk of physical injury to
> another;

Id. § 924(e)(2)(B).

Jones, Curtis Johnson, and Spencer each deal with the
interpretation of the term "physical force" in subparagraph (i).

In Spencer, the Second Circuit held that a third-degree
robbery conviction in New York—defined generally as "forcibly
steal[ing] property"—is a "crime of violence" under section

3

4B1.2 of the U.S. Sentencing Guidelines (the Career Offender Guideline), because "crime of violence" is defined to include any federal or state offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." See Spencer, 955 F.2d at 820 (alteration in original).

In Curtis Johnson, the Supreme Court interpreted the term "violent felony" in the Armed Career Criminals Act—which shares a definition identical to "crime of violence" under the Guidelines—to require "violent force—that is, force capable of causing physical pain or injury to another person." See Curtis Johnson, 559 U.S. at 140.

As a result, in Jones, the Second Circuit overruled Spencer and held that "in the wake of [Curtis ]Johnson . . . a New York robbery conviction involving forcible stealing, absent other aggravating factors, is no longer necessarily a conviction for a 'crime of violence' within the meaning of the Career Offender Guideline." Jones, 2016 WL 3923838, at *5.

Additionally, in Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551 (2015) [hereinafter Samuel Johnson], the Supreme Court held the ACCA's so-called "residual clause"—the second clause of subparagraph (ii), which defines a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" as a "violent felony"—was

4

unconstitutionally vague. See Samuel Johnson, 135 S.Ct. 2557-58.

In Welch v. United States, --- U.S. ----, 136 S. Ct. 1257, 1268

(2016), the Court held Samuel Johnson to be retroactive in cases

on collateral review.

### III.  Discussion

Jones and Samuel Johnson control here.  That Jones

considered the term "crime of violence" under the U.S.

Sentencing Guidelines is of no moment:  "[b]ecause of 'the

substantial similarity between the ACCA's definition of "violent

felony" and the [Career Offender] Guidelines' definition of

"crime of violence," authority interpreting one phrase

frequently is found to be persuasive in interpreting the other

phrase.'" Jones, 2016 WL 3923838, at *3 (second alteration in

original) (quoting United States v. Walker, 595 f.3d 441, 443

n.1 (2d Cir. 2010)).

One of Laster's three predicate ACCA prior convictions was

attempted second-degree robbery. See Judgment 1-2, Id. (May 29,

2008), ECF No. 79; Sentencing Memorandum 1-2, Id. (May 28,

2008), ECF No. 78.  By definition, Laster's attempted robbery

conviction is not "burglary, arson, or extortion" nor does it

"involve the use of explosives."  Moreover, Laster's robbery

conviction is not a "violent felony" under the ACCA's residual

clause in light of Samuel Johnson.  Thus, Laster's attempted

second-degree robbery is a "violent felony," if at all, only if

it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  In <u>Jones</u>, the Second Circuit concluded that "a New York robbery conviction involving forcible stealing, absent other aggravating factors, is no longer necessarily a conviction for a 'crime of violence' within the meaning of the Career Offender Guideline." <u>Jones</u>, 2016 WL 3923838, at *5.  Because the language of the Career Offender Guideline is identical to the ACCA, <u>Jones</u> instructs that a New York robbery conviction, absent other aggravating factors, is no longer necessarily a conviction for a "violent felony" under the ACCA.  To determine whether Laster's New York robbery conviction is a "violent felony" in this case, the Court must apply the "modified categorical approach" identified in <u>Taylor v. United States</u>, 495 U.S. 575, 602 (1990), and affirmed in <u>Shepard v. United States</u>, 544 U.S. 13, 26 (2005).

<u>Taylor</u> and its progeny divide criminal statutes into two categories:  indivisible statutes and divisible ones.  An indivisible statute is one that sets out a single set of elements to define a single crime. <u>See</u> <u>Mathis v. United States</u>, --- U.S. ----, 136 S. Ct. 2243, 2248 (2016).  To determine whether an indivisible statute qualifies as an ACCA violent felony, the Court applies a formal categorical approach, which "lines up that crime's elements alongside those of the generic offense and sees if they match." <u>Id.</u>  If the statute's elements

6

are the same as, or narrower than, those of the generic offense,
it counts as a predicate violent felony under the ACCA. Id.  If
the elements are broader than the generic offense elements, the
crime is not an ACCA violent felony.

   A divisible statue is one that defines multiple crimes by
setting forth various elements in the alternative. Id. at 2249.
A divisible statute may define some crimes that are predicate
violent felonies and others that are not. Id.  To determine
whether a defendant convicted under a divisible statute was
convicted of a predicate violent felony under the ACCA, the
Court applies a modified categorical approach. Id.  "Under that
approach, a sentencing court looks to a limited class of
documents (for example, the indictment, jury instructions, or
plea agreement and colloquy) to determine what crime, with what
elements, a defendant was convicted of." Id.  The Court then
compares that crime with the generic offense to determine if it
is a predicate violent offense under the ACCA.

   New York's second-degree robbery statute is divisible.  The
Government concedes that Laster was convicted under N.Y. Penal
Law § 160.10(1), the so-called "aggravating accomplice factor,"
which increases the crime from third-degree to second-degree
robbery when the defendant "forcibly steals property . . . aided
by another person actually present." N.Y. PENAL LAW § 160.10(1);
see People v. Hedgeman, 70 N.Y.2d 533, 541 (1987).  In Jones,

the Second Circuit recognized that forcibly stealing property is
not, in and of itself, a "violent felony." See Jones, 2016 WL
3923838, at *5.  Therefore, Laster's attempted second-degree
robbery is an ACCA violent felony only if the less-than-violent
force required for forcible stealing inevitably becomes violent
force under Curtis Johnson when the perpetrator is "aided by
another person actually present." See id.  It does not.

     In Hedgeman, the New York Court of Appeals held that the
minimum showing for a conviction under section 160.10(1) is that
the other person actually present "was ready, willing, or able
to aid defendant in the forcible stealing." Hedgeman, 70 N.Y.2d
at 543.  Thus, if a perpetrator can forcibly steal without the
violent force required by Curtis Johnson, he can be joined by
another person actually present who is ready, willing or able to
aid him in forcibly stealing without violent force under section
160.10(1).  While the mere presence of another person actually
present may increase the risk of injury and warrant a harsher
penalty, see Hedgeman, 70 N.Y.2d at 541, it does not change the
inquiry relevant to the ACCA's definition of a violent felony
under Curtis Johnson, which requires the Court to examine not
the risk of injury but the nature of the force employed, see
Jones, 2016 WL 3923838, at *6.  Simply put, a less-than-violent
forcible stealing can be perpetrated by a defendant who is
joined by another person actually present.  Accordingly,

Laster's conviction for attempted second-degree robbery under section 160.10(1) is no longer a violent felony in light of Jones.

## Conclusion

In light of Jones, Laster's attempted second-degree robbery conviction under N.Y. Penal Law § 160.10(1) no longer qualifies as a violent felony under the ACCA.   Laster's motion to correct his sentence under 28 U.S.C. § 2255 is granted.   The Court orders that Laster be produced for resentencing on August 15, 2016, at 11:00 a.m.

Dated:     New York, New York
           August  2, 2016

                                   _____
                                        John F. Keenan
                                   United States District Judge